UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ARMANDO GALLEGOS,<br><br>    Defendant. | Case No. 1:22-cr-00016-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Armando Gallegos's Motion to Dismiss Indictment. Dkt. 25. The Court will DENY the motion as it recently issued a decision addressing all the points raised by Gallegos in his Motion.

## II. BACKGROUND

On October 20, 2020, Gallegos was visiting a friend's house when law enforcement appeared to conduct a probationary search. As part of that search, law enforcement decided to physically search Gallegos for weapons. They found a gun. That gun serves as the basis for the charges in this case. Because Gallegos has a prior felony conviction in the state of Idaho, he is prohibited from possessing firearms. On February 8, 2022, a grand jury indicted him on a single charge of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 1.

On January 27, 2023, Gallegos filed two motions: the instant Motion to Dismiss Indictment (Dkt. 25) and a Motion to Suppress (Dkt. 26). The Court set the matters for a hearing (Dkt. 35) and then rescheduled the hearing to accommodate Counsel's schedule (Dkt. 40).

The Court will not address the Motion to Suppress further in this decision. Furthermore, in light of its recent decision in *United States v. Villalobos*, Case No: 3:19-cr-00040-DCN, 2023 WL 3044770, (D. Idaho Apr. 21, 2023), the Court finds it unnecessary to hold oral argument on the Motion to Dismiss Indictment or to delve into a lengthy analysis of the arguments presented.

### III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may challenge the sufficiency of an indictment. Indictments "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The failure of an indictment to recite an essential element of a charged offense is a "fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

"An indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (cleaned up). In cases when an indictment "tracks the

words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (cleaned up). In reviewing a motion to dismiss an indictment under Rule 12(b)(3)(B), a court must accept the facts alleged in the indictment as true. *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954).

### IV. ANALYSIS

18 U.S.C. § 922(g)(1) provides that it "shall be unlawful for any person [] who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.

In 2013, Gallegos was convicted of Domestic Battery with Traumatic Injury in the Canyon County District Court of the Third Judicial District of the State of Idaho. Idaho State Case Number CR-2012-23236-C. By statute, that crime is punishable by a term of imprisonment exceeding one year. Idaho Code § 18-918(2)(b) ("A conviction of felony domestic battery is punishable by imprisonment in the state prison for a term not to exceed ten (10) years").

Gallegos argues the indictment in this case should be dismissed because § 922(g)(1) is unconstitutional and violates his Second Amendment rights. He bases this argument on the belief that a recent Supreme Court opinion, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022), altered the framework a Court must use when reviewing challenges to the Second Amendment. He also alleges *Bruen* overruled Ninth Circuit precedent on the constitutionality of § 922(g)(1). Gallegos further contends that the "plain text" of the Second Amendment covers his conduct because he is part of "the people," and

MEMORANDUM DECISION AND ORDER - 3

that there is no "history or tradition" of disarming felons in the United States. *See generally* Dkt. 25.

The Court was recently presented with a similar motion presenting the same issues, and the same arguments. There, Defendant Manuel Villalobos raised the same constitutional challenge—and, in fact, the same sub-arguments—as Gallegos raises today. The Court held a hearing and issued a decision. *See generally Villalobos,* 2023 WL 3044770 (D. Idaho Apr. 21, 2023).

The Court's conclusion from that 28-page decision succinctly covers all of Gallegos's arguments:

> The arguments presented today have been tried and rejected. Though *Bruen* changed the way Courts evaluate Second Amendment Challenges, it did not alter the law so drastically as to undo prior decisions that rested on the same history being challenged today. Said another way, the history has not changed. The format in which it will be presented to the Court moving forward may look different, but the history itself—and the resulting analysis—is still sound. The Court does not find that Villalobos is part of "The People." But whether he is part of the people or not, § 922(g)(1) remains valid.
>
> The Court is bound by the Ninth Circuit's holding in *Vongxay*. What's more, the Court supports the analysis and findings therein. This Nation may not have had a history of restricting "felons" until the 1900's, but as explained in *Vongxay*, it most assuredly has a history—dating back to the founding—of restricting gun rights to "law-abiding" citizens. *See also*, *Medina*, 913 F.3d at 159 (explaining that "at least four circuits have endorsed the view that most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens'") (citing *United States v. Yancey*, 621 F.3d 681, 684–85 (7th Cir. 2010); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010); *Binderup v. Attorney General*, 836 F.3d 336, 348 (3d Cir. 2016); *United States v. Carpio-Leon*, 701 F.3d 974, 979 (4th Cir. 2012)).

>	The Court agrees that "the *Bruen* Decision, although groundbreaking, has not altered the historic tradition or constitutionality of denying Second Amendment protection to convicted felons." *United States v. Young*, 2022 WL 16829260, at *11 (W.D. Pa. Nov. 7, 2022).

2023 WL 3044770, at *13.

Because the Court has recently, and thoroughly, disposed of each argument raised by Gallegos in support of his Motion, it will not reiterate that analysis here.[1] Suffice it to say, each argument fails.

In addition to *Villalobos*, the District of Idaho has issued two other decisions upholding the constitutionality of § 922(g)(1) post-*Bruen*. Those decisions likewise address, and reject, the same arguments presented by Gallegos. *See United States v. Wondra*, 2022 WL 17975985 (D. Idaho Dec. 27, 2022); *United States v. Siddoway*, 2022 WL 4482739, at *1 (D. Idaho Sept. 27, 2022). In sum, the precedent in this district precludes the relief Gallegos seeks today.

And the precedent is not limited to Idaho. Every other circuit and district court that has considered this question has come to the same conclusion: § 922(g)(1) is constitutional, *Bruen* did not change that, and there is a history and tradition in the United States of prohibiting felons from possessing firearms.

Based upon the overwhelming caselaw opposing Gallegos's position, as well as the Court's recent decision analyzing and rejecting each argument brought today, the Court DENIES the Motion.

---

[1] Other Courts have taken a similar approach. *See, e.g.*, *United States v. Finney*, 2023 WL 2696203, at *4 (E.D. Va. Mar. 29, 2023) (explaining that courts in that District had already ruled on the matter, adopting the prior reasoning and analysis from those decisions, and denying the motion to dismiss the indictment).

MEMORANDUM DECISION AND ORDER - 5

## V. ORDER

The Court HEREBY ORDERS:

1. Gallegos's Motion to Dismiss the Indictment (Dkt. 25) is DENIED.[2]

DATED: June 2, 2023

David C. Nye
Chief U.S. District Court Judge

---

[2] While the Motion to Dismiss Indictment was originally included in the Court's notice of hearing (*see* Dkts. 35, 40), considering today's order, the Court will only hear argument on Gallegos's Motion to Suppress at the upcoming hearing.